ROBERTSON, Justice.
The Appellant, Anthony Hogue, Jr., was indicted by a Tunica County Grand Jury for assault and battery with intent to kill. Upon motion of the defendant-appellant, the case was transferred to the Circuit Court of Quitman County for trial. At the conclusion of the trial, the jury brought in a verdict of guilty as charged, and appellant was sentenced to serve a term of ten years in the Mississippi State Penitentiary. From that conviction and sentence, the appellant has appealed to this Court.
On November 9, 1963, appellant went to K. O. Williams’ home near Dubbs, Mississippi, to rent some farm land to him. Williams testified that appellant agreed to rent certain farm land to him and he paid appellant $25.00 as an advance payment on the rent. A receipt was written out by Williams and signed by appellant. Appellant testified that he borrowed the money to pay cotton-pickers and that they had incidentally discussed the possibility of renting the farm land. In any event, about a week later, appellant rented the land to another man and word reached Williams of this.
On the day of the shooting, Williams was passing Holliman’s Grocery going east on his way home when he saw the appellant and two other men get into a pick-up truck headed west. Williams drove up beside them and called to the appellant. He got out of the pick-up and came around to the door of Williams’ car with a can of beer in his hand, rubbing it across his lips. An argument then ensued concerning the renting of the farm land.
Williams testified that, after arguing about the renting of the land, he opened his car door and got out to go into the store, and the appellant stepped back a couple of steps. Williams said: “there ain’t but one thing to do, get up my money and there won’t be no hard feelings and no trouble.” Appellant replied, “by God if trouble is what you are looking for you can get it now.” Williams told appellant that he was not afraid of him and appellant then pulled a pistol out of his pocket and shot Williams in the left side of his face, the bullet lodging between the shoulder blade and backbone. Williams testified that when the first shot was fired he had one hand on the tailgate of the pick-up and the other hanging down by his side. As Williams was staggering around appellant fired another shot at him but narrowly missed.
Williams’ testimony was corroborated in part by Layman Miller, the father-in-law of appellant, and by John Holliman, the store owner.
Miller who was riding in the same pickup with appellant, testified that he heard Williams say: “it matters not a damn *63 about that, I want you to pay me my money.” Miller then heard the appellant say: “and I give less than a damn about you.” After the appellant’s statement, Miller heard two shots in quick succession, and saw blood come out Williams’ mouth.
Holliman testified that he saw the appellant fire the second shot at Williams at close range.
The appellant testified that after they had argued about the renting of the land, Williams stated: “I will just get out and beat the God Damn hell out of you,” and appellant replied: “I don’t care nothing about you.” Appellant testified that Williams had one hand in his pocket when he opened the door and got out of his car, and believing that Williams had some weapon in his pocket, appellant came out with his pistol and made two quick shots.
After the firing of the shots, appellant fled from the State of Mississippi and was subsequently apprehended in Florida. When asked why he went to Florida, appellant stated: “That is most what everyone do when they do something wrong.”
Williams was unarmed at the time of the shooting, and testified that he had never owned a pistol.
There were two other witnesses who testified for the State, but their testimony was merely in corroboration and it is unnecessary to detail it here.
There is no merit in the contention that the Court should have entered a mistrial because of remarks of the district attorney in his closing argument. Such remarks were in no way prejudicial to the appellant.
The verdict of the jury is in accordance with the overwhelming weight of the evidence, and the judgment of the lower court should be and is affirmed.
Affirmed.
ETHRIDGE, C. J., and JONES, PATTERSON and INZER, JJ., concur.